IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

| | |
|---|---|
| THOMAS JEROME TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.: 2:18-cv-236 |
| ) | |
| J. RAY ORMOND, Warden, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner Thomas Jerome Taylor's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2241, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 11. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 7, be **GRANTED**, and Petitioner's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I. FACTUAL AND PROCEDURAL BACKROUND**

In 2006 Petitioner pled guilty and was sentenced in the United States District Court for the Middle District of North Carolina to one count of possession with intent to distribute cocaine

base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). *United States v. Taylor*, 1:05cr418 (M.D.N.C. Aug. 23, 2006) (ECF No. 24). Based on two prior North Carolina convictions, ECF No. 8, attach. 1, Petitioner was classified as a career offender under U.S.S.G. § 4B1.1 and was sentenced to 195 months of imprisonment. *Id.*

In November 2013, Petitioner filed a § 2255 in which he clamed he was actually innocent of being a career criminal under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and argued that case applied retroactively on collateral review. *Taylor*, 1:05cr418 (ECF No. 49 at 4). The United States District Court for the Middle District of North Carolina dismissed Petitioner's § 2255 with prejudice because it was not the type of sentencing error correctable on collateral review, pursuant to *United States v. Foote*, 784 F.3d 931, 943 (4th Cir. 2015). *Id.* (ECF Nos. 58, 61). In 2016, Petitioner petitioned the United States Court of Appeals for the Fourth Circuit seeking to file a second or successive § 2255 under *United States v. Johnson*, 135 S. Ct. 2551 (2015). *In re Taylor*, No.16-9998 (4th Cir. July 25, 2016) (ECF No. 2). However, Petitioner voluntarily dismissed his challenge without prejudice in light of the decision in *Beckles v. United States*. *Taylor*, 1:05cr418 (ECF No. 70).

Thereafter, on May 8, 2018, Petitioner filed the instant §2241 Petition in this Court. ECF No. 1. Petitioner's ground for relief are as follows:

> Ground One: Petitioner may seek § 2241 relief because he satisfies the test set forth in *United States v. Wheeler* as a § 2255 motion is inadequate or ineffective to test the legality of Petitioner's detention.
>
> Ground Two: Petitioner's prior North Carolina convictions do not qualify him for career criminal status under U.S.S.G. § 4B1.1 in light of *Simmons*, *Wheeler*, and *Johnson*.[1]

---

[1] Notably, Petitioner argues that his "claim here isn't that of *Simmons*. [Petitioner]'s claim is that he meets these [sic] requirements of the *Wheeler* "savings clause" test. Simmons [sic] is merely one of the reasons of how and why he does meet these requirements. [Petitioner]'s claim is that of a *Wheeler* claim, not *Simmons* or *Johnson*." ECF No. 9 at 2. It is unclear to the Court what Petitioner means by this because, to the extent *Wheeler* is satisfied and

2

## II. ANALYSIS

Section 2241 authorizes the federal court to issue a writ of habeas corpus to state and federal prisoners who are "in custody in violation of the Constitution of laws or treaties of the United States." More specifically, a § 2241 habeas petition "challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention, and prison conditions." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-00437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *see also In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("Attacks on the execution of a sentence are properly raised in a § 2241 petition."). A prisoner must file a § 2241 habeas petition in the federal district where he is in custody. *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2006); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).

A motion under § 2255 provides the primary means for a prisoner to collaterally attack his federal conviction and sentence. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). Relief under § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision or because they are procedurally barred from filing a § 2255. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 2010); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). A petitioner typically cannot file a second or successive habeas petition challenging the same conviction or sentence. *See* 28 U.S.C. § 2255(h); *see generally Sanders v. United States*, 373 U.S. 1 (1963) (discussing and defining second or successive petitions). However, a petitioner can file a second § 2255 petition if he receives proper certification from the Circuit Court of Appeals in the District that sentenced him:

---

Petitioner may proceed under § 2241, absent his arguments under *Simmons* and *Johnson*, Petitioner would have no substantive claim for which the Court could grant him relief.

3

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Since the Fourth Circuit granted Petitioner's request for leave but Petitioner abandoned his second § 2255 petition, Petitioner must request further leave to seek a subsequent § 2255. However, a Petitioner may seek relief under § 2241 where relief under § 2255 is "'inadequate or ineffective to test the legality of . . . detention.'" *Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014) (quoting 28 U.S.C. § 2255(e)). *United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018) sets out a four-part test that determines if a petitioner may challenge the legality of sentencing errors under § 2241:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit our the Supreme Court established the legality of the sentence; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or consecutive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Respondent contends that Petitioner fails to satisfy the *Wheeler* test. ECF No. 8 at 5. This Court agrees.

Under prong two, Petitioner filed his first § 2255 in November 2013 following *United States v. Miller*, making *Simmons* retroactive. This § 2255 was ultimately dismissed with prejudice by the United States District Court for the Middle District of North Carolina. *Taylor*, 1:05cr418 (ECF No. 49 at 4). In 2016, Petitioner petitioned the United States Court of Appeals

4

for the Fourth Circuit seeking to file a second or successive § 2255 under *United States v. Johnson*, 135 S. Ct. 2551 (2015). *In re Taylor*, No.16-9998 (4th Cir. July 25, 2016) (ECF No. 2). However, Petitioner voluntarily dismissed his challenge without prejudice in light of the decision in *Beckles v. United States. Taylor*, 1:05cr418 (ECF No. 70). As demonstrated by the record, in both these instances Petitioner had an "unobstructed procedural shot at filing a § 2255 motion." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). "Under [*Wheeler*] a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a challenge in the applicable law. If, conversely, a prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him . . . and must be dismissed for lack of jurisdiction." Petitioner in this case not only had an unobstructed procedural shot at filing a § 2255 motion, he in fact did file such motions challenging his sentencing under both *Simmons* and *Johnson*, respectively. As such, because Petitioner had an opportunity to utilize a § 2255 petition to raise the arguments he now raises in his § 2241 Petition, "a § 2241 motion is unavailable to him."

In addition, under prong four, the Court must determine whether Petitioner's instant challenge to the validity of his sentence constitutes a "fundamental defect." Petitioner argues that "because the increased sentence should not be imposed, it is a fundamental defect." ECF No. 1 at 8. Courts have not used the term 'fundamental' lightly." *See Foote*, 784 F.3d at 942 (citing *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991)). The Fourth Circuit has held that career offender designations imposed under advisory guidelines do not result in a fundamental defect. *Id.* at 942-43; *Wheeler*, 886 F.3d at 432 n.9. Petitioner was convicted and sentenced in 2006, under post-*Booker* advisory guidelines. As such, Petitioner's sentence did not result in a "fundamental defect," thereby failing to satisfy prong four of the *Wheeler* test.

Because Petitioner has failed to satisfy the *Wheeler* test, he may not raise his instant challenge by way of § 2241 and this Court lacks jurisdiction to consider Petitioner's Petition.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 7, be **GRANTED**, and Petitioner's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Adams is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
May 24, 2019